UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWANTI N.L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 2:20-cv-00402-JC <br><br> MEMORANDUM OPINION <br><br> [DOCKET NOS. 17-18] |

**I.   SUMMARY**

On January 14, 2020, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of her application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment (respectively, "Plaintiff's Motion" and "Defendant's Motion").  The

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Court has taken the parties' arguments under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 23, 2015, plaintiff filed an application for Supplemental Security Income, alleging disability beginning on August 1, 2015, due to depression, high blood pressure, and multiple sclerosis. (See Administrative Record ("AR") 156, 178). An ALJ subsequently examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 12, 2018. (AR 39-55). On October 10, 2018, the ALJ determined that plaintiff has not been disabled since the application date, November 23, 2015. (AR 23-34). Specifically, the ALJ found: (1) plaintiff's bipolar disorder is a severe impairment (AR 25); (2) plaintiff's impairments, considered individually or in combination, do not meet or medically equal a listed impairment (AR 26); (3) plaintiff retains the residual functional capacity ("RFC") to perform a full range of unskilled work at all exertional levels, but with a limitation to maintaining concentration, persistence, and pace on frequent basis (AR 29); (4) plaintiff cannot perform any past relevant work (AR 32); (5) plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, specifically laundry sorter, produce sorter, and collator (AR 33-34); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 30, 32).

On November 18, 2019, the Appeals Council denied plaintiff's application for review of the ALJ's decision. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded by regulation on other grounds; 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

///
///

3

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's

///

reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff claims that the ALJ erred by rejecting her subjective symptom testimony. (Plaintiff's Motion at 6-12). For the reasons stated below, the Court concludes that a reversal or remand is not warranted.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R.
///
///
///
///

§§ 404.1529(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10.[2] When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89. This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10. An ALJ must clearly identify each subjective statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted). Unless there is affirmative evidence of malingering, the Commissioner's reasons for rejecting a claimant's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks omitted), as amended (Apr. 9, 1996). "General findings are insufficient[.]" Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See

---

[2] Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11.

Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). When an ALJ fails properly to discuss a claimant's subjective complaints, however, the error may not be considered harmless "unless [the Court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056; see also Brown-Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting claimant testimony "will usually not be harmless").

### B. Analysis

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements about the intensity, persistence, and limiting effects of the impairments were "not entirely consistent" with the medical evidence and other evidence of record. (AR 30). The ALJ gave the following explanation for discounting plaintiff's subjective statements:

> [T]he longitudinal record demonstrates that [plaintiff] is able to perform a wide range of daily activities independently, [plaintiff] self-reported that her symptomatology has improved, and she also testified that she would be able to perform full-time work. For example, [plaintiff] indicated that she maintains her own personal care, cooks, shops, performs household chores for her mother, and utilizes public transportation to get around. Furthermore, [plaintiff] attends weekly online and in-person classes for approximately twenty (20) hours per week at Riverside City College in pursuit [of] an Associate's degree in Psychology. In addition to this, [plaintiff] testified that she is currently performing in-home care services for a bed-ridden patient and that, while it is only part time work, she feels she would be able to perform this position on a full-time basis if she were provided a back brace. Finally, [plaintiff] testified that she is

"doing great" and that her bipolar condition is "in remission" with her current medication regimen.

(AR 31) (record citations omitted).

In arguing that the ALJ's reasons were insufficient, plaintiff disputes the ALJ's reliance on her reported daily activities. (Plaintiff's Motion at 10-12). Specifically, plaintiff contends that her activities "are far short of what is needed to demonstrate the capacity to perform work activity on a sustained basis." (Plaintiff's Motion at 11). However, the ALJ reasonably determined that plaintiff's ability to engage in an extensive range of activities – such as cooking, shopping, attending college classes, and caring for a bedridden patient – was inconsistent with plaintiff's alleged difficulties completing tasks, remembering, focusing, following instructions, and getting along with others, among other limitations. (See AR 187-93); see also Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). For example, plaintiff testified at the hearing that she spends about six hours per week attending classes and about fifteen hours working on assignments, including some "five-hour-straight assignment[s]." (AR 44). She stated the librarian tutors her and helps her with assignments, and she is able to understand the material. (AR 44-45). Plaintiff also testified about her part-time work in which she assists a bedridden patient by rotating her, changing her diaper, and bathing and feeding her, among other activities. (AR 46-48). Although plaintiff explained that the "strenuous activity" hurts her neck and back, she also stated that she "can do it as a job, but [she] will need like a back brace or something like that, you know, to do it, and they're not like really supplying that to [her], at this point." (AR 47-48). Substantial evidence thus supports the ALJ's conclusion that plaintiff's ability to

engage in daily activities and other work conflicted with her claims of disabling sympoms. This was a clear and convincing basis to discount her subjective complaints. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between alleged limitations and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)); see also Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted).

      Plaintiff also argues that the ALJ improperly relied on her statements that she was "doing great" and that her bipolar condition was "in remission" due to her medications. (Plaintiff's Motion at 10). Plaintiff suggests that her statements were relative to her situation, and should not have been interpreted to mean she is capable of sustaining full-time employment. (See id.). However, the ALJ reasonably interpreted plaintiff's statement at face value. Specifically, when plaintiff was asked how her bipolar medication is working, she replied, "I'm doing great. I'm – I'm more clear-minded." (AR 50). The ALJ then asked if plaintiff "think[s] [her] bipolar is in remission, while [she is] on the medication," to which plaintiff replied, "I believe it is, because I don't have those same things that I've been having, before the medication was prescribed." (AR 50-51). She stated she had been on the medication for two years. (AR 51). Plaintiff's testimony thus reasonably conveyed that her bipolar-related symptoms were effectively eliminated for most of the relevant period. This is a clear and convincing basis for the ALJ to discount her subjective allegations, which included that bipolar

disorder was one of the main impairments contributing to her disability.  See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]") (citations omitted); Bailey v. Colvin, 659 F. App'x 413, 415 (9th Cir. 2016) (evidence that "impairments had been alleviated by effective medical treatment," to the extent inconsistent with "alleged total disability[,]" specific, clear, and convincing reason for discounting subjective complaints) (citing Warre, 439 F.3d at 1006).

Accordingly, the ALJ provided specific, clear and convincing reasons to discount her subjective statements.  Plaintiff has failed to identify any material error in the ALJ's decision, which is supported by substantial evidence in the record.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 21, 2021

                                                /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE